## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 23-06630 |
| YANG SHAO, | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | |

### CUSTOMERS BANK'S EMERGENCY MOTION FOR ENTRY OF ORDER DIRECTING DEBTOR TO TERMINATE BUSINESS OPERATIONS, PROVIDE PROOF OF INSURANCE AND PERMIT INSPECTION OF ARIZONA REAL PROPERTY

NOW COMES Creditor Customers Bank, by and through its counsel, and for its Emergency Motion for Entry of an Order Directing Debtor Yang Shao (the "Debtor") to Terminate Business Operations, Provide Proof of Insurance and Permit Inspection of the Arizona Real Property (the "Motion") pursuant to 11 U.S.C. §105. In support of the Motion, Customers Bank states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction in regard to this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. On May 19, 2023, the Debtor filed her voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Petition Date").

3. Glenn B. Stearns, 801 Warrenville Road, Suite 650, Lisle, Illinois 60532 has been appointed Chapter 13 Trustee in this case.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1409 as the relief requested by this Motion constitutes a proceeding arising under and related to Debtor's Chapter 13 bankruptcy proceeding which is currently pending.



1

## **BACKGROUND**

5.      On June 21, 2023, Customers Bank and the Debtor appeared before this Court for initial hearings on: (a) Debtor's Motion for Interim Order Permitting Debtor to Use Cash Collateral (Docket No. 28); (b) Debtor's Motion to Convert from Chapter 13 to Chapter 11 Subchapter V (Docket No. 49); (c) Customers Bank's Motion to Dismiss (Docket No. 24); and Customers Bank's Motion for Relief from the Automatic Stay (Docket No. 23).

6.      As indicated in the prior filings, Endeavor 1, LLC executed and delivered to Customers Bank a certain Deed of Trust encumbering three separate residential properties in the City of Scottsdale, Maricopa County, State of Arizona: (1) 5328 East Anderson Drive (APN: 215-11-399); (2) 17814 North 56th Street (APN: 215-11-067); and (3) 4839 East Charleston Avenue (APN: 215-11-977) (collectively the "Arizona Real Property").  Endeavor 1, LLC also pledged all its accounts and the rental payments collected from the Arizona Real Property to Customers Bank.

7.      At the hearing on June 21, 2023, at which the Debtor was present, the Court ordered that the Debtor maintain and preserve the Arizona Real Property and the Debtor's accounts pending further hearing on the motions.

8.      In their discussions on June 21, 2023, Customers Bank and the Debtor agreed that, consistent with the Court's directions regarding maintaining and preserving the Arizona Real Property, the Debtor would provide proof of insurance and allow Customers Bank to inspect the Arizona Real Property.

9.      To date, the Debtor has not provided proof of insurance.

10.     To date, the Debtor has not permitted an inspection of the Arizona Real Property or indicated when Customers Bank will be provided access for the inspections.

11.     Moreover, the Court ordered the Debtor to cease operating the Arizona Real Property as Airbnb rentals.

12.     The Court expressly stated that it could not permit the Debtor to proceed in a manner that violated local and state law.  The Court therefore directed the Debtor to cease all business operations until the hearing on July 20, 2023.

13.     Upon information and belief, based on an online search of Airbnb rental listings conducted on July 6, 2023, the Debtor has not terminated her business operations.  The Arizona Real Property are still listed on the Airbnb website with rooms available for rental to multiple individuals, in violation of the Maricopa County Superior Court's ruling regarding the operation of boarding houses.  See Declaration of Jordan Darrow and Airbnb listings for the Arizona Real Property, attached hereto as Exhibit A.

14.     As noted at the hearing, the Superior Court of Maricopa County, Arizona ruled on June 6, 2023 that Endeavor 1, LLC was in violation of a City of Phoenix ordinance prohibiting boarding houses.  The matter was before the Superior Court of Maricopa County on Endeavor 1, LLC's appeal from the City of Phoenix Municipal Court.  The Superior Court of Maricopa County determined that Endeavor 1, LLC was not permitted to rent out the dwellings to multiple individuals as vacation rentals and dismissed Endeavor 1, LLC's appeal with prejudice.  See Order from the Superior Court of Maricopa County, Arizona dated June 6, 2023, attached hereto as Exhibit B.

15.     The Debtor orchestrated the transfer of the Arizona Real Property from Endeavor 1, LLC to the Debtor, individually, prior to the Superior Court's ruling.   Although the Debtor is not a party in the Superior Court case, the Superior Court's ruling also prevents the Debtor from operating boarding houses in violation of the City of Phoenix ordinance.

16.     Rather than abide by this Court's order requiring the Debtor to maintain and preserve the Arizona Real Property and cease operations, the Debtor withdrew her Motion for Interim Order Permitting Debtor to Use Cash Collateral (Docket No. 28).

17.     The Court's order requiring the Debtor to cease operating was not limited in application to the Debtor's use of cash collateral.  Customers Bank's recollection is that the Court expressed a general concern regarding the Debtor's continued operations.

18.     Despite multiple requests, Customers Bank has not received an update concerning when the Debtor will provide proof of insurance, permit the inspections, and cease her business operations.

## RELIEF REQUESTED

19.     Accordingly, Customers Bank requests that this Court enter an order consistent with its rulings on June 21, 2023 and direct the Debtor to immediately remove the Airbnb listings and terminate her business operations.  Customers Bank further requests that the Court require the Debtor to immediately provide proof of insurance, and allow Customers Bank to inspect the Arizona Real Property within three (3) days of this Court's order.

20.     The Court should further require the Debtor to file a written statement certifying her compliance with this Court's Order.

21.     Absent filing of such written statement by July 12, 2023, the Court should grant Customers Bank's Motion for Relief from the Automatic Stay without further hearing, or alternatively, grant Customers Bank's Motion to Dismiss.

22.     Customers Bank's Motion to Dismiss and Motion for Relief from the Automatic Stay remain pending.  To the extent the relief sought by Customers Bank is not covered by the

pending motions, the Court should exercise its authority under 11 U.S.C. §105(a) to grant the additional relief sought.

WHEREFORE, Customers Bank respectively requests that the Court enter an Order:

a.      directing the Debtor to immediately: (1) remove the Airbnb listings for the Arizona Real Property, (2) terminate all business operations, and (3) provide proof of insurance;

b.      directing the Debtor to permit Customers Bank to inspect the Arizona Real Property within three (3) days;

c.      directing the Debtor to file a written statement no later than July 12, 2023 certifying her compliance with the Court's Order;

d.      proving that, should the Debtor (1) fail to comply with any provision of this Court's Order or (2) fail to file a written statement certifying her compliance with this Court's Order by July 12, 2023, Customers Bank's Motion for Relief from the Automatic Stay shall be granted without further hearing to permit Customers Bank to enforce its remedies under the Loan and sell the Arizona Real Property and Collateral, or alternatively, that Customers Bank's Motion to Dismiss shall be granted without further hearing;

e.      that the provisions of Bankruptcy Rule 4001(a)(3) not apply to the Order modifying the automatic stay; and

f.      that Customers Bank have such other and further relief as this Court deems just and proper.

Dated July 6, 2023                              CUSTOMERS BANK,

                                        By:      /s/ C. Randall Woolley _____

Alex Darcy
C. Randall Woolley
Darcy & Devassy, PC
444 North Michigan Avenue
Suite 3270
Chicago, IL  60611
(312) 784-2400 Telephone
(312) 784-2410 Facsimile
adarcy@darcydevassy.com
rwoolley@darcydevassy.com



EXHIBIT

A

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)**

IN RE:                                  )
                                        )       Case No. 23-06630
YANG SHAO,                              )
                                        )       Chapter 13
                    Debtor.             )

## DECLARATION OF JORDAN DARROW

I, Jordan Darrow, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am over the age of 18.

2.      I have personal knowledge of the matters set forth herein and if called to testify, I would testify as set forth herein.

3.      I am a 2022 graduate of Colorado College with a degree in Political Science.

4.      I am currently employed as a Legal Assistant at Darcy & Devassy PC, 444 N. Michigan Ave., Suite 3270, Chicago, Illinois 60611.  I have been employed by Darcy & Devassy PC since February 6, 2023.

5.      On July 6, 2023, I conducted an online search for certain real properties listed for rent on the Airbnb website.

6.      As of July 6, 2023, the Airbnb website includes a listing for single room rentals for the real property located at 5328 East Anderson Drive, Scottsdale, AZ 85254.  A true and correct copy of the Airbnb listing for the real property located at 5328 East Anderson Drive, Scottsdale, AZ 85254 is attached hereto as Exhibit 1.

7.      As of July 6, 2023, the Airbnb website includes a listing for single room rentals for the real property located at 17814 North 56th Street, Scottsdale, AZ 85254.  A true and correct

copy of the online listing for the real property located at 17814 North 56th Street, Scottsdale, AZ 85254 is attached hereto as Exhibit 2.

8.      As of July 6, 2023, the Airbnb website includes a listing for single room rentals for the real property located at 4839 East Charleston Avenue, Scottsdale, AZ 85254.  A true and correct copy of the online listing for the real property located at 4839 East Charleston Avenue, Scottsdale, AZ 85254 is attached hereto as Exhibit 3.

9.      If called to testify in this matter, I would competently testify to the above.

FURTHER DECLARANT SAYETH NAUGHT

By:    _____
       Jordan Darrow




# A6A Sanitized Private Room With Beth Desk Wi-Fi TV

★ New · Scottsdale, Arizona, United States

⬆ Share    ♡ Save



:::  Show all photos

## Room in a villa hosted by Diana



🛏 1 queen bed

🚾 Private attached bathroom

🏠 Host and other guests may be here

🏠 **Room in a villa**
Your own room in a home, plus access to shared spaces.

🔲 **Self check-in**
Check yourself in with the keypad.

☆ **Experienced host**
Diana has 2001 reviews for other places.



EXHIBIT
1



~~$53~~ **$42** night

| CHECK-IN | CHECKOUT |
|---|---|
| 7/27/2023 | 7/30/2023 |

**GUESTS**
1 guest

**CANCELLATION POLICIES**

Non-refundable · $168 total  ⦿

Refundable · $185 total  ○
Free cancellation before Jul 22. Cancel before check-in on Jul 27 for a partial refund.

**Reserve**



## About this place

Enjoy a stylish stay at this centrally located listing.

The room is a private room with lock door.

You can use coffee maker, computer desk, kitchen, washer, dryer, refrigerators, dish washer, Wi-Fi. Enough free parking lot are available....

Show more >

🛏

**Bedroom**
1 queen bed

---

## What this place offers

🔒 Lock on bedroom door

📶 Wifi

🚗 Free parking on premises

🖥 TV

◎ Dryer

🍴 Kitchen

🗔 Dedicated workspace

🐾 Pets allowed

◎ Washer

❄ Air conditioning

Show all 52 amenities

---

## 3 nights in Scottsdale

Jul 27, 2023 - Jul 30, 2023

| | July 2023 | | | | | | | August 2023 | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Su | Mo | Tu | We | Th | Fr | Sa | Su | Mo | Tu | We | Th | Fr | Sa |
| | | | | | | 1 | | | 1 | 2 | 3 | 4 | 5 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 | 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 | 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 23 | 24 | 25 | 26 | **27** | 28 | 29 | 27 | 28 | 29 | 30 | 31 | | |
| **30** | 31 | | | | | | | | | | | | |

Clear dates






# N2 Sanitized Private Room With Beth Desk WiFi TV

★ New · <u>Scottsdale, Arizona, United States</u>



↑ <u>Share</u>    ♡ <u>Save</u>







::: Show all photos

## Room in a villa hosted by Diana

🛏 1 king bed

🚿 Shared bathroom

🏠 Host and other guests may be here

🏡 **Room in a villa**
Your own room in a home, plus access to shared spaces.

🔲 **Self check-in**
Check yourself in with the keypad.

☆ **Experienced host**
Diana has 2001 reviews for other places.

EXHIBIT
2

## Meet your host



$44 **$35** night

| CHECK-IN | CHECKOUT |
|---|---|
| 7/13/2023 | 7/17/2023 |

**GUESTS**
1 guest                                              ⌄

🔴 Those dates are not available

CANCELLATION POLICIES

Non-refundable · $184 total                          ⬤

Refundable · $202 total                              ◯
Free cancellation before Jul 8. Cancel before
check-in on Jul 13 for a partial refund.

**Change dates**

Special offer: save $39.  This Host is     ⏰
offering a deal on their first 3



## Meet your host



2001
Reviews

4.65 ★
Rating

Diana
Host

2
Years hosting

🌐 Speaks English

🌐 Lives in Phoenix, AZ

**Show more** ›

**Message Host**

To protect your payment, never transfer money or communicate outside of the Airbnb website or app.

## About this place

This room is in a beautiful villa , completely sanitized ,fast Wifi ,computer desk , TV， handicape accessible, near grocery, gas ,bank, 1.3 miles from Mayo, 2 miles from Loop-101 and AZ-51 freeways.
This property cannot be used for purposes identified in the City of Phoenix Ordinance Section 10-195(c). The City of Phoenix short-term registration number for this property is [ 2021-0964]....

**Show more** ›

## Where you'll sleep



Bedroom
1 king bed

## What this place offers

- 🔒 Lock on bedroom door
- 🍴 Kitchen
- 📶 Wifi
- 🚗 Free parking on premises
- 🐾 Pets allowed
- 📺 TV
- 🔘 Washer
- 🔘 Dryer
- ❄️ Air conditioning
- 🌱 Backyard

Show all 53 amenities

## 4 nights in Scottsdale

Jul 13, 2023 - Jul 17, 2023

### July 2023

| Su | Mo | Tu | We | Th | Fr | Sa |
|----|----|----|----|----|----|----|
|    |    |    |    |    |    | 1  |
| 2  | 3  | 4  | 5  | 6  | 7  | 8  |
| 9  | 10 | 11 | 12 | **13** | 14 | 15 |
| 16 | **17** | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 |    |    |    |    |    |

### August 2023

| Su | Mo | Tu | We | Th | Fr | Sa |
|----|----|----|----|----|----|----|
|    |    | 1  | 2  | 3  | 4  | 5  |
| 6  | 7  | 8  | 9  | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | 31 |    |    |

Clear dates

## No reviews (yet)

☆ This host has 2,001 reviews for other places
to stay. Show other reviews



C1 Sanit...

★ New · <u>Scottsdale, Arizona, United States</u>    







:::  Show all photos

## Room in a villa hosted by Diana



| | | |
|---|---|---|
| 🛏 1 single bed | 🚿 Shared bathroom | 🏠 Host and other guests may be here |

 **Room in a villa**
Your own room in a home, plus access to shared spaces.

 **Self check-in**
Check yourself in with the keypad.

 **Experienced host**
Diana has 2001 reviews for other places.

**EXHIBIT**
**3**

~~$42~~ **$34** night

| CHECK-IN | CHECKOUT |
|---|---|
| 8/24/2023 | 8/30/2023 |

| GUESTS |
|---|
| 1 guest ⌄ |

**CANCELLATION POLICIES**

Non-refundable - $254 total ⦿

Refundable - $281 total ○
Free cancellation before Aug 19. Cancel before check-in on Aug 24 for a partial refund.

**Reserve**

⬆ Share    ♡ Save



## About this place

This room is in a beautiful villa , completely sanitized ,fast Wifi ,computer desk ,
TV,  handicape accessible, near grocery, gas ,bank, 1.3 miles from Mayo, 2 miles from
Loop-101 and AZ-51 freeways.
This property cannot be used for purposes identified in the City of Phoenix Ordinance
Section 10-195(c). The City of Phoenix short-term registration number for this property is
[ 2021-0964]....

Show more >



🛏
**Bedroom**
1 single bed

## What this place offers

| 🔒 Lock on bedroom door | 🍴 Kitchen |
| 📶 Wifi | 🚗 Free parking on premises |
| 🐾 Pets allowed | 📺 TV |
| 🔲 Washer | 🔲 Dryer |
| ❄ Air conditioning | ⚘ Backyard |

Show all 51 amenities

## 6 nights in Scottsdale

Aug 24, 2023 - Aug 30, 2023

| ‹ | | August 2023 | | | | | | | September 2023 | | | | › |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Su | Mo | Tu | We | Th | Fr | Sa | Su | Mo | Tu | We | Th | Fr | Sa |
| | | 1 | 2 | 3 | 4 | 5 | | | | | | 1 | 2 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 | 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 20 | 21 | 22 | 23 | **24** | 25 | 26 | 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 27 | 28 | 29 | **30** | 31 | | | 24 | 25 | 26 | 27 | 28 | 29 | 30 |

Clear dates

Clerk of the Superior Court
*** Electronically Filed ***
06/06/2023 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-015771                                    06/05/2023
LC 2023-000012

                                           CLERK OF THE COURT
HONORABLE SUSANNA C. PINEDA              T. DeRaddo
                                                Deputy


ENDEAVOR 1, L L C                        BRIAN K STANLEY

v.

CITY OF PHOENIX                          DANIEL J INGLESE


                                         CV ARBITRATION
                                         JUDGE PINEDA
                                         PHX CITY MUNICIPAL COURT
                                         PHX MUNICIPAL PRESIDING JUDGE


**UNDER ADVISEMENT RULING ON LOWER COURT APPEAL**

**Phoenix Municipal Court – Case No: 5692984**
Citations: 2190907, 2190909, 20191910

      This matter came before this Court on appeal from the City of Phoenix Municipal Court.
The matter involves the question of whether Defendant Endeavor 1, LLC, violated the city's
ordinance prohibiting "boarding houses" in residential R1-R10 zones.  Endeavor argued below
and argues here A.R.S. § 9-500.39 usurps the city's ordinance and permits it to rent out the
dwelling to multiple individuals as vacation rentals irrespective of the City of Phoenix ordinance
prohibiting boarding houses.


**Stipulated Facts**

      The City cited Endeavor for operating a boarding house in three separate residences
located in zoning areas R-1 through R-10.  Endeavor acknowledges that each of the residences is



SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-015771                                                06/05/2023

located in zoning areas R-1 through R-10.  It also acknowledges that each residence has between 9 and 11 rooms which are individually available for rent to unrelated individuals on a weekly or daily basis.  Endeavor has registered the properties as "short-term rentals" under City Code §10-194.

**Analysis**

This Court must review de novo the lower court's finding that the state statute did not usurp the city's ordinance prohibiting boarding houses in areas zoned R-1 through R-10.  *See City of Tempe v. Outdoor Sys., Inc.,* 201 Ariz. 106, 109, ¶ 7, 32 P.3d 31, 34 (App. 2001) (appeals court must review interpretation of statutes and ordinances de novo) *see also Nicaise v. Sundaram*, 245 Ariz. 566, 567, ¶ 6, 432 P.3d 925, 926 (2019).

When an issue affects both state and local interests, a municipality may address the issue by enacting and enforcing relevant laws unless specifically preempted by state law. *Coconino County v. Antco, Inc.*, 214 Ariz. 82, 90, ¶ 24, 148 P.3d 1155, 1163 (App.2006). A municipal ordinance is preempted by state law when: "(1) the municipality creates a law in conflict with the state law, (2) the state law is of statewide concern, and (3) the state legislature intended to appropriate the field through a clear preemption policy." *State v. Coles*, 234 Ariz. 573, 574, ¶¶ 6, 324 P.3d 859, 860 (App.2014).

Article 13, Section 2, of the Arizona Constitution provides that cities or towns of at least 3,501 residents may "frame a charter for [their] own government consistent with, and subject to, the Constitution and the laws of the state." Under this authority, charter communities may regulate matters of strictly local concern without state interference or oversight. *City of Scottsdale v. Scottsdale Associated Merchs., Inc.*, 120 Ariz. 4, 5, 583 P.2d 891, 892 (1978).  On issues of statewide scope or relevance, however, the Arizona Legislature retains plenary power and charter cities must yield. See id. ("Charter cities have certain rights and privileges in local matters to legislate free from interference by the legislature. When the subject of legislation is a matter of statewide concern the Legislature has the power to bind all throughout the state including charter cities.") (citations omitted).

Adoption of an ordinance by a municipality "is a legislative act that carries a presumption of validity." *Home Builders Ass'n of Cent. Ariz. v. City of Apache Junction*, 198 Ariz. 493, 496, ¶ 7, 11 P.3d 1032, 1035 (App. 2000).  This Court must interpret zoning ordinances using the "same rules and principles governing the construction of statutes" with the primary goal of "ascertain[ing] and giv[ing] effect to the intent of the law-making body." *Abbott v. City of Tempe*, 129 Ariz. 273, 275, 630 P.2d 569, 571 (App. 1981). The Court must first look to the plain language of the provision and read it in the context of the ordinance as a whole "for guidance and [to ensure it] give[s] effect to all of the provisions involved." *Stambaugh v. Killian*,

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-015771                                                     06/05/2023

242 Ariz. 508, 509, ¶ 7, 398 P.3d 574, 575 (2017). If the ordinance is "subject to only one reasonable interpretation, [the court] appl[ies] it without further analysis." *Wade v. Ariz. St. Ret. Sys.*, 241 Ariz. 559, 561, ¶ 10, 390 P.3d 799, 801 (2017). Absent a clear manifestation of legislative intent to preclude local control, there is no preemption. See Jett v. City of Tucson, 180 Ariz. 115, 121, 882 P.2d 426, 432 (1994).

To be preempted, the local ordinance must be truly inconsistent with the state statute; if the two are capable of "peaceful coexistence," no preemption exists. *See City of Prescott v. Town of Chino Valley*, 163 Ariz. at 616, 790 P.2d at 271. "Mere commonality of some aspect of subject matter is insufficient...." *Id.*

Under the City of Phoenix Ordinance, a "Boarding House" is defined as follows:

Boarding House:  A residential home or building(s) for six or more unrelated individuals used to provide lodging for compensation.  A boarding house is occupied by individuals where rent or a lodging fee *is charged separately for the individual rooms or partitioned areas occupied by the renter or occupant*.  Individual living units may or may not be equipped with kitchen facilities; congregate dining facilities may be provided for the guest.  A boarding house is not a community residence home or center, hotel, motel, residential inn, or bed and breakfast.

Zoning Ordinance §202.  The ordinance also defines what constitutes a "Family."  Specifically,

A family is:

1.   An individual or two (2) or more persons related by blood, marriage, or adoption, and usual servants, living together as a single housekeeping unit in a dwelling unit, or
2.   A group of not more than five (5) persons, who need not be related, living together as a single housekeeping unit in a dwelling unit.

*Id.*

Under Phoenix City Ordinance, a boarding house is permitted in the R-2, R-3A, R-4, R4A, and R-5 zoning districts, subject to a use permit and conditions as outlined in each respective zoning district.  Zoning Ordinance §608(F)(1).  Zoning districts R-1 through R-10 are zoned as Single-Family Residence Districts.  *See* Zoning Ordinance §611(A)-(B).

The City of Phenix requires that operators of a boarding house apply for a use permit and must demonstrate that the boarding house will not cause a significant increase in vehicular or pedestrian traffic in adjacent residential areas; or emit odor, dust, gas, noise, vibration, smoke, heat, or glare at a level exceeding that of ambient conditions; or contribute in a measurable way

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-015771                                          06/05/2023

to the deterioration of the neighborhood or area, or contribute to the downgrading of property values. See Zoning Ordinance §307(A)(7).

When interpreting a statute, the court's goal is to find and give effect to legislative intent. *Ariz. Chapter of the Associated Gen. Contractors of Am. v. City of Phoenix*, 247 Ariz. 45, 47, ¶ 7, 445 P.3d 2, 4 (2019). The Court first looks to the statute's plain language as the best indicator of legislative intent, *Glazer v. State*, 244 Ariz. 612, 614, ¶ 9, 423 P.3d 993, 995 (2018), giving the statute's words their ordinary meaning, *Mail Boxes, etc., U.S.A. v. Indus. Comm'n*, 181 Ariz. 119, 121, 888 P.2d 777, 779 (1995), and applying a sensible construction to avoid absurd results, *Collins v. State*, 166 Ariz. 409, 415, 803 P.2d 130, 136 (App. 1990). Unless a statute is ambiguous, we do not resort to secondary statutory interpretation principles. *Glazer*, 244 Ariz. at 614, ¶ 9, 423 P.3d at 995.

The State legislature enacted A.R.S. §9-500.39 to address vacation rentals and short-term rentals.  It reads as follows:

A.R.S. § 9-500.39. Limits on regulation of vacation rentals and short-term rentals; state preemption; civil penalties; transaction privilege tax license suspension; definitions

*A. A city or town may not prohibit vacation rentals or short-term rentals.*

B. A city or town may not restrict the use of or regulate vacation rentals or short-term rentals based on their classification, use or occupancy *except as provided in this section*. A city or town may regulate vacation rentals or short-term rentals as follows:

1. To protect the public's health and safety, including rules and regulations related to fire and building codes, health and sanitation, transportation or traffic control and solid or hazardous waste and pollution control, if the city or town demonstrates that the rule or regulation is for the primary purpose of protecting the public's health and safety.

*2. To adopt and enforce use and zoning ordinances, including ordinances related to noise, protection of welfare, property maintenance and other nuisance issues, if the ordinance is applied in the same manner as other property classified under sections 42-12003 and 42-12004.*

3. To limit or prohibit the use of a vacation rental or short-term rental for the purposes of housing sex offenders, operating or maintaining a sober living home, selling illegal drugs, liquor control or pornography, obscenity, nude or topless dancing and other adult-oriented businesses.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-015771                                         06/05/2023

4. To require the owner of a vacation rental or short-term rental to provide the city or
town an emergency point of contact information for the owner or the owner's designee
who is responsible for responding to complaints or emergencies in a timely manner in
person if required by public safety personnel, over the phone or by email at any time of
day before offering for rent or renting the vacation rental or short-term rental. In addition
to any other penalty pursuant to this section, the city or town may impose a civil penalty
of up to $1,000 against the owner for every 30 days the owner fails to provide contact
information as prescribed by this paragraph. The city or town shall provide 30 days'
notice to the owner before imposing the initial civil penalty.

5. To require an owner of a vacation rental or short-term rental to obtain and maintain a
local regulatory permit or license pursuant to title 9, chapter 7, article 4. As a condition of
issuance of a permit or license, the application for the permit or license may only require
an applicant to provide the following:

(a) Name, address, phone number and email address for the owner or owner's agent.

(b) Address of the vacation rental or short-term rental.

(c) Proof of compliance with section 42-5005.

(d) Contact information required pursuant to paragraph 4 of this subsection.

(e) Acknowledgment of an agreement to comply with all applicable laws, regulations and
ordinances.

(f) A fee not to exceed the actual cost of issuing the permit or license or $250, whichever
is less.

6. To require, before offering a vacation rental or short-term rental for rent for the first
time, the owner or the owner's designee of a vacation rental or short-term rental to notify
all single-family residential properties adjacent to, directly and diagonally across the
street from the vacation rental or short-term rental. Notice shall be deemed sufficient in a
multi-family residential building if given to residents on the same building floor. A city
or town may require additional notification pursuant to this paragraph if the contact
information previously provided changes. Notification provided in compliance with this
paragraph shall include the permit or license number if required by the city or town, the
address, and the information required pursuant to paragraph 4 of this subsection. The
owner or the owner's designee shall demonstrate compliance with this paragraph by
providing the city or town with an attestation of notification compliance that consists of
the following information:

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-015771                                      06/05/2023

(a) The permit or license number of the vacation rental or short-term rental, if required by the city or town.

(b) The address of each property notified.

(c) A description of the manner in which the owner or owner's designee chose to provide notification to each property subject to notification.

(d) The name and contact information of the person attesting to compliance with this paragraph.

7. To require the owner or owner's designee of a vacation rental or short-term rental to display the local regulatory permit number or license number, if any, on each advertisement for a vacation rental or short-term rental that the owner or owner's designee maintains. A city or town that does not require a local regulatory permit or license may require the owner or owner's designee of a vacation rental or short-term rental to display the transaction privilege tax license required by section 42-5042 on each advertisement for a vacation rental or short-term rental that the owner or owner's designee maintains.

8. To require the vacation rental or short-term rental to maintain liability insurance appropriate to cover the vacation rental or short-term rental in the aggregate of at least $500,000 or to advertise and offer each vacation rental or short-term rental through an online lodging marketplace that provides equal or greater coverage.

C. A city or town that requires a local regulatory permit or license pursuant to this section shall issue or deny the permit or license within seven business days of receipt of the information required by subsection B, paragraph 5 of this section and otherwise in accordance with section 9-835, except that a city or town may deny issuance of a permit or license only for any of the following:

1. Failure to provide the information required by subsection B, paragraph 5, subdivisions (a) through (e) of this section.

2. Failure to pay the required permit or license fee.

3. At the time of application the owner has a suspended permit or license for the same vacation rental or short-term rental.

4. The applicant provides false information.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-015771                                              06/05/2023

5. The owner or owner's designee of a vacation rental or short-term rental is a registered sex offender or has been convicted of any felony act that resulted in death or serious physical injury or any felony use of a deadly weapon within the past five years.

D. A city or town that requires a local regulatory permit or license pursuant to this section shall adopt an ordinance to allow the city or town to initiate an administrative process to suspend a local regulatory permit or license for a period of up to 12 months for the following verified violations associated with a property:

1. Three verified violations within a 12 month period, not including any verified violation based on an aesthetic, solid waste disposal or vehicle parking violation that is not also a serious threat to public health and safety.

2. One verified violation that results in or constitutes any of the following:

(a) A felony offense committed at or in the vicinity of a vacation rental or short-term rental by the vacation rental or short-term rental owner or owner's designee.

(b) A serious physical injury or wrongful death at or related to a vacation rental or short-term rental resulting from the knowing, intentional or reckless conduct of the vacation rental or short-term rental owner or owner's designee.

(c) An owner or owner's designee knowingly or intentionally housing a sex offender, allowing offenses related to adult-oriented businesses, sexual offenses or prostitution, or operating or maintaining a sober living home, in violation of a regulation or ordinance adopted pursuant to subsection B, paragraph 3 of this section.

(d) An owner or owner's designee knowingly or intentionally allowing the use of a vacation rental or short-term rental for a special event that would otherwise require a permit or license pursuant to a city or town ordinance or a state law or rule or for a retail, restaurant, banquet space or other similar use.

3. Notwithstanding paragraphs 1 and 2 of this subsection, any attempted or completed felony act, arising from the occupancy or use of a vacation rental or short-term rental, that results in a death, or actual or attempted serious physical injury, shall be grounds for judicial relief in the form of a suspension of the property's use as a vacation rental or short-term rental for a period of time that shall not exceed 12 months.

E. A city or town that requires sex offender background checks on a vacation rental or short-term rental guest shall waive the requirement if an online lodging marketplace performs a sex offender background check of the booking guest.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-015771                                    06/05/2023

F. Notwithstanding any other law, a city or town may impose a civil penalty of the
following amounts against an owner of a vacation rental or short-term rental if the owner
receives one or more verified violations related to the same vacation rental or short-term
rental property within the same 12-month period:

1. Up to $500 or up to an amount equal to one night's rent for the vacation rental or short-
term rental as advertised, whichever is greater, for the first verified violation.

2. Up to $1,000 or up to an amount equal to two nights' rent for the vacation rental or
short-term rental as advertised, whichever is greater, for the second verified violation.

3. Up to $3,500 or up to an amount equal to three nights' rent for the vacation rental or
short-term rental as advertised, whichever is greater, for a third and any subsequent
verified violation.

G. A vacation rental or short-term rental that fails to apply for a local regulatory permit or
license in accordance with subsection B, paragraph 5 of this section, within 30 days of
the local regulatory permit or license application process being made available by the city
or town issuing such permits or licenses, must cease operations. In addition to any fines
imposed pursuant to subsection F of this section, a city or town may impose a civil
penalty of up to $1,000 per month against the owner if the owner or owner's designee
fails to apply for a regulatory permit or license within 30 days after receiving written
notice of the failure to comply with subsection B, paragraph 5 of this section.

H. If multiple verified violations arise out of the same response to an incident at a
vacation rental or short-term rental, those verified violations are considered one verified
violation for the purpose of assessing civil penalties or suspending the regulatory permit
or license of the owner or owner's designee pursuant to this section.

I. If the owner of a vacation rental or short-term rental has provided contact information
to a city or town pursuant to subsection B, paragraph 4 of this section and if the city or
town issues a citation for a violation of the city's or town's applicable laws, regulations or
ordinances or a state law that occurred on the owner's vacation rental or short-term rental
property, the city or town shall make a reasonable attempt to notify the owner or the
owner's designee of the citation within seven business days after the citation is issued
using the contact information provided pursuant to subsection B, paragraph 4 of this
section. If the owner of a vacation rental or short-term rental has not provided contact
information pursuant to subsection B, paragraph 4 of this section, the city or town is not
required to provide such notice.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-015771                                                    06/05/2023

J. This section does not exempt an owner of a residential rental property, as defined in section 33-1901, from maintaining with the assessor of the county in which the property is located information required under title 33, chapter 17, article 1.

K. A vacation rental or short-term rental may not be used for nonresidential uses, including for a special event that would otherwise require a permit or license pursuant to a city or town ordinance or a state law or rule or for a retail, restaurant, banquet space or other similar use.

L. For the purposes of this section:

1. "Online lodging marketplace" has the same meaning prescribed in section 42-5076.

2. "Transient" has the same meaning prescribed in section 42-5070.

***3. "Vacation rental" or "short-term rental":***

***(a) Means any individually or collectively owned single-family or one-to-four-family house or dwelling unit or any unit or group of units in a condominium or cooperative that is also a transient public lodging establishment or owner-occupied residential home offered for transient use if the accommodations are not classified for property taxation under section 42-12001.***

(b) Does not include a unit that is used for any nonresidential use, including retail, restaurant, banquet space, event center or another similar use.

3.4. "Verified violation" means a finding of guilt or civil responsibility for violating any state law or local ordinance relating to a purpose prescribed in subsection B or K of this section that has been finally adjudicated.

(*Emphasis added.*)

Generally speaking, when the issue is of statewide concern and the legislature has "appropriated the field by enacting a statute pertaining thereto, that statute governs throughout the state, and local ordinances contrary thereto are invalid." *Flagstaff Vending Co. v. City of Flagstaff*, 118 Ariz. 556, 559, 578 P.2d 985, 988 (1978) (quoting *Phoenix Respirator & Ambulance Serv., Inc. v. McWilliams*, 12 Ariz.App. 186, 188, 468 P.2d 951, 953 (1970)); *accord Randall*, 67 Ariz. at 372, 196 P.2d at 479. State preemption of local legislation raises a question of legislative intent, which can be either express or implied:

The principle of preemption is applied when a political subdivision creates law *that is in conflict* with the generally applicable law of the sovereign. The state's law must be of statewide concern, and the state's lawmakers must have intended to appropriate the

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-015771                                                   06/05/2023

field. The existence of a preempting policy must be clear. Also, the assertedly competing
provisions in question *must be actually conflicting*, rather than capable of peaceful
coexistence. Mere commonality of some aspect of subject matter is insufficient....

*City of Prescott v. Town of Chino Valley*, 163 Ariz. 608, 616, 790 P.2d 263, 271 (App.1989),
*vacated in part on other grounds*, 166 Ariz. 480, 803 P.2d 891 (1990) (citations omitted). Absent
a clear manifestation of legislative intent to preclude local control, there is no preemption. See
*Jett v. City of Tucson*, 180 Ariz. 115, 121, 882 P.2d 426, 432 (1994).

To be preempted, the local ordinance must be *truly inconsistent* with the state statute; if
the two are capable of "peaceful coexistence," no preemption exists. *See City of Prescott v. Town
of Chino Valley*, 163 Ariz. at 616, 790 P.2d at 271.

Here, the city argued below that the city is permitted under the statute above to require
that the vacation rental operate pursuant to all other residences within the area, in this case, as
single-family dwellings.  (R.T. Oct. 13, 2022, at 17.)  The City argues that it's prohibition of
boarding houses within R-1 through R-10, does not prohibit Defendant from renting the
respective residences as short-term rentals, it only prohibits Defendant from operating a
"boarding house" in those same zoning areas.  An ordinance is invalid if it conflicts with the
state statute delegating the local authority power to act. *See City of Scottsdale v. Scottsdale
Assoc. Merchants, Inc.,* 120 Ariz. 4, 5, 583 P.2d 891, 892 (1978).  Here, there is no conflict.  The
City correctly asserts that the statute permits it to regulate the nature of the residences within
zoning areas.

Defendant appears to argue that the state statute is much broader as it uses the word
transient.  However, as noted above, the definition of vacation rental and short-term rental is
defined as "any individually or collectively owned single-family or one-to-four-family house or
dwelling unit or any unit or group of units in a condominium or cooperative."  The word
transient is not meant to define what constitutes a vacation rental or short-term rental.  Not
surprisingly, missing from this definition or vacation rental or short -term rental is the term
"individual rooms."

IT IS ORDERED Affirming the decision of the lower court finding that Defendant
Endeavor 1 LLC violated the city ordinance prohibiting the operation of a boarding house within
areas zoned R-1.

In CV2022-015771, Endeavor has filed a complaint seeking injunctive relief against the
City of Phoenix based on the same issue addressed by this Court in LC2023-000012. This
Court's ruling on appeal is dispositive of the issues raised in this matter.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-015771                                        06/05/2023

On the Court's own Motion,

IT IS ORDERED dismissing CV2022-015771 with prejudice.

No matters remain pending in connection with this appeal. This is a final order. *See* Rules
12(c), 12(d), 14(b), Sup. Ct. R. App. P. – Civil; Rule 12(c); and Rule 54(c), Ariz. R. Civ. P.

*/s/ Susanna C. Pineda*
THE HON. SUSANNA C. PINEDA
Judge of the Superior Court